UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMIE LEE WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:08CV1510 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Tommie Lee Webb's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his guilty plea, Webb waived his right to file a § 2255 motion except for claims of ineffective assistance of counsel and prosecutorial misconduct. His motion alleges that counsel was ineffective for failing to file motions challenging the indictment and seeking to suppress results of a search and seizure. He also directly challenges the search, alleges unspecified "perjury," and claims the prosecutor committed misconduct. All of his allegations are conclusively refuted by the record. For the reasons set out below, I will deny the motion.

**I.   Background**

Webb was initially charged by way of complaint with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine. He was later

indicted for one count of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine (Count I) and one count of criminal forfeiture for currency seized on July 19, 2005 in the amount of $41,985.00 and $507,585.00 in currency seized on February 15, 2006 (Count II). Criminal Case 4:06CR405 CDP. He pleaded guilty to the charges and I sentenced him to 144 months imprisonment. Because his motion challenges the proceedings leading up to that plea and sentence, I here set out the facts in some detail.

On August 11, 2006, Webb's attorney filed a motion to suppress the contents of electronic surveillance. On September 16, 2006, counsel filed a motion to suppress evidence and statements. A hearing was held before the Honorable Terry I. Adelman, United States Magistrate Judge, on Webb's pretrial motions on October 4, 2006. Following the hearing, Webb's attorney filed another motion to suppress evidence obtained through electronic surveillance and a search warrant. Judge Adelman issued a Report and Recommendation on December 12, 2006, which recommended denying Webb's motions. I adopted the Report and Recommendation on January 8, 2007. Thereafter, Webb's attorney filed additional pretrial motions, including a motion to dismiss the indictment, a motion for discovery and the production of favorable evidence, and a motion in limine. I denied these motions during the pretrial conference held on January 25,

2007. The trial had been scheduled for Monday, January 29, 2007. On Friday, January 26, counsel notified me that Webb would plead guilty instead of going to trial.

On January 29, 2007, Webb appeared before me and pleaded guilty to the Indictment pursuant to a plea agreement. The plea agreement provided that, in exchange for Webb's voluntary plea of guilty to Count I of the Indictment, the government agreed not to prosecute Webb for known cocaine and marijuana trafficking from 2002 until June 2006. In the plea agreement Webb agreed that he was accountable for more than 15 kilograms but less than 50 kilograms on cocaine, resulting in a base offense level of 34. Following a recommendation of a two-level reduction for acceptance of responsibility, the recommended total offense level was either 32 or 30, depending upon Webb's eligibility for the safety valve provisions. Both parties waived all rights to appeal all non-sentencing issues, "including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea." In the event I sentenced Webb within the recommended guideline range, both parties also waived their rights to appeal "all sentencing issues, including any issues relating the determination of the Total Offense Level, the Criminal History Category, and Career Offender

status." Finally, Webb also waived his right to contest his conviction or sentence in any § 2255 motion, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

I reviewed Webb's plea agreement, including its waiver of appeal provisions, with Webb on the record during his plea colloquy. In his plea agreement, Webb also stipulated to the following facts:

> Defendant Webb participated in a conspiracy to possess with intent to distribute and to distribute in excess of five kilograms of cocaine. Defendant's involvement was discovered initially on July 19, 2005 during a physical surveillance of an individual named Ramon Martinez. Agents were monitoring a court-authorized wiretap on a cellular telephone belonging to another drug trafficker and discovered there would be a drug-related meeting between that individual and Martinez. Agents surveilled that meeting and immediately thereafter saw defendant Tommie Lee Webb meet with Ramon Martinez. Following that meeting, traffic stops of both Martinez and defendant Webb were made. A search of Martinez's vehicle revealed $41,985 in U.S. Currency and two notebooks containing drug ledgers. The ledgers reflected drug debts owed by Webb.
>
> Investigators continued their investigation into the activities of Martinez and Webb and eventually applied for and received authorization to intercept communications over Martinez's cellular telephone. During court-authorized intercepts between September 28, 2005 and September 29, 2005, agents learned that Martinez was putting together a shipment of illegal narcotics that would be leaving McAllen, Texas within days. On September 29, 2005, agents intercepted calls between Martinez and Webb which revealed that they were arranging for a meeting for the purpose of conducting drug related business. On September 30, 2005, agents conducted surveillance of defendant Tommie Lee Webb traveling to Blytheville,

Arkansas for the purpose of meeting with Ramon Martinez. A series of calls were intercepted between the two during which they arranged for a meeting at a Best Western Hotel. Agents observed Ramon Martinez go into defendant Webb's room and come out a short time later. Efforts to further surveil Martinez were thwarted when he detected the surveillance. Shortly after this incident, Martinez ceased the use of the wiretapped cellular phone.

Following this incident, agents received information from confidential sources regarding Webb's cocaine and marijuana trafficking activity with Ramon Martinez. Information revealed that Webb would travel to various locations to conduct drug business. Agents placed a "hot watch" on defendant Webb's American Express card and requested that they be alerted whenever a car or hotel room was rented. On February 14, 2006, agents were notified that defendant Webb had rented a vehicle.

Agents conducted surveillance and followed defendant Webb from his business, Lace N Armour Automotive, 3400 Goodfellow Blvd., St. Louis, Missouri to his sister's residence at 2209 McLaren, St. Louis, Missouri. While at 2209 McLaren, agents could observe defendant Webb's trunk open while the vehicle was parked in a rear parking area. Surveillance then followed Webb away from the residence onto southbound I-55 out of St. Louis, Missouri. A traffic stop of Webb's rental vehicle was made and a subsequent consent search revealed $507,585 in U.S. currency contained in two gym bags located in the trunk of the rental vehicle.

When asked about the ownership/source of the money, defendant Webb told the officer that he had never seen that money and that it must have been in the trunk of rental car when he received it. Webb was transported to a police station where he further denied ownership of the money and executed a written disclaimer of same.

On June 7, 2006, Ramon Martinez was arrested in McAllen, Texas in connection with the seizure of approximately 245 pounds of cocaine and 2,854 pounds of marijuana. The cocaine seizure in that case

contained "Domino's Pizza" labels.  Upon arrest, Martinez indicated a willingness to cooperate with law enforcement officials and on June 8, 2006 told investigators that he had been dealing cocaine to Webb for approximately two years.  Martinez was aware of the money seized from defendant Webb on February 15, 2006 and told law enforcement officials that Webb owed him upwards of $1,000,000 and was paying the debt down.  Martinez stated that he had recently coordinated the delivery of approximately 30 kilograms of cocaine to Webb in Atlanta, Georgia and that Webb was scheduled to travel to Atlanta to deliver money owed for past quantities of cocaine to Martinez as well as to pick up more cocaine from couriers working for Martinez.

On June 9, 2006, Martinez made two reported telephone calls to Webb during which Webb stated that he had currency for Martinez and Martinez asked Webb how many "fighting roosters" he was looking for (referring to kilograms of cocaine).  Webb initially stated that he need 20, but later agreed to take 50.  The two then scheduled a meeting where the exchange would take place.  Martinez informed investigators that Webb would transport the money in a hidden compartment constructed behind the rear sear of an early model brown four-door car.

At approximately 6:00 a.m. on June 10, 2006, Webb exited Lace N Armour Automotive driving a dark-colored, four-door, early model Toyota Camry.  Agents followed the Camry onto southbound I-55 where they conducted a traffic stop and subsequent search of the car.  The search revealed a hidden compartment behind the rear seat that contained seven packages wrapped in black electrical tape and one black box.  The bundles and boxes contained a total of $229,850 including some conterfeit funds.  Additionally, agents located two cellular telephones, one of which had been used by Martinez to contact Webb on June 9, 2006.  The call history on this telephone showed incoming calls from Martinez's cellular telephone.

Agents applied for and received a search warrant for Lace N Armour Automotive.  A search of the business revealed an electronic money

counter, numerous rubber bands and miscellaneous documentation. Agents also responded to 2209 McLaren, Webb's sister's residence where he had gone immediately before the seizure of $507,850 on February 15, 2006. A consent search was conducted of that residence and agents located two kilogram-sized packages labeled "Domino's Pizza," approximately 17 kilogram-sized plastic and foil wrappers containing cocaine residue. Additionally, agents located a Rubbermaid tub containing bagged cocaine. Paraphernalia and packaging material was also located including two electronic scales, baking soda, white filtered masks, rubber gloves, and wrapping.

Defendant Webb admits that all of the currency seized is subject to forfeiture as property constituting or derived from any proceeds he obtained directly of indirectly as a result of the offense alleged in Count I.

I asked Webb if everything in the plea agreement was true and he answered, "Yes." I then held the following exchange with Webb:

COURT: Okay, now on pages nine, ten, 11, and 12, there is a long section setting out the stipulation of facts relevant to sentencing, and these are the facts that set out the facts of the case. Did you go through this with your lawyer carefully?

WEBB: Yes, I did.

COURT: Is everything there true?

WEBB: Yes, Your Honor.

COURT: Do you agree this is what you did in this case?

WEBB: Yes, Your Honor.

COURT: It talks about a variety of acts that went on involving you and someone named Ramon Martinez, and that there was a wire tap

> on a telephone, and that eventually you were -- there were recorded telephone conversations where you had conversations with Mr. Martinez about drug sales. Do you agree that you did have those conversations?
>
> WEBB: Yes, I did, Your Honor.
>
> COURT: And do you agree that other specific indications of drug activity that are listed here are true, and you did have this conspiracy with Mr. Martinez and others to distribute cocaine?
>
> WEBB: Yes, Your Honor.
>
> COURT: And then as we discussed earlier, you also are agreeing that the quantity of drugs in more than five kilograms of cocaine, right?
>
> WEBB: Yes.
>
> COURT: Anything further I should inquire into about the facts of the case?
>
> ASSISTANT UNITED STATES ATTORNEY: Simply the quantity, and we have established that it's more than 15 but less than 50 kilograms.
>
> COURT: Right, and you're agreeing to more than 15 but less than 50, correct, Mr. Webb?
>
> WEBB: Yes.

In response to my questioning, Webb also assured me that he was satisfied with his legal representation. Based on Webb's statements made to me, I accepted his guilty plea.

A presentence investigation report (PSR) was then prepared. The PSR

determined that Webb's total offense level was 32 with the recommended guideline range of imprisonment between 121-151 months. Webb's attorney filed a sentencing memorandum asking for a two-level reduction in the offense level because Webb was eligible for the safety valve provisions. I continued the April 19, 2007 sentencing to May 4, 2007 so that Webb could attempt to qualify for the safety valve. At that later hearing, however, I determined that he did not qualify for the safety valve provisions and so sentenced him to 144 months imprisonment, which was within the guideline range of punishment.

Webb filed a notice of appeal. The Eighth Circuit Court of Appeals dismissed the appeal upon motion by the government. Although Webb's § 2255 motion claims that relief was sought in the United States Supreme Court, a review of the court file does not indicates that a petition for certiorari was filed.

**II.    Grounds for Relief**

Webb's §2255 motion alleges the following four grounds for relief:

1) denial of effective assistance of counsel;

2) "perjury;"

3) illegal search and seizure on February 15, 2006; and

4) prosecutorial misconduct.[1]

**III. Analysis**

*A.     An Evidentiary Hearing is not Warranted*

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). An evidentiary hearing need not be held if Webb's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998); see also Anjulo-Lopez, 541 F.3d at 817 (no hearing required where claim is "inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotation marks and citation omitted). Because the records conclusively show that Webb is not entitled to relief as a matter of law, I need not

---

[1]On August 10, 2009, Webb filed a second motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 which states in its entirety:

1. Dismiss Charges.

2. Immediately Release.

This motion, which sets forth no grounds for relief, will be summarily denied.

hold a hearing.

### B. *Grounds 2 and 3 Are Waived*

In his plea agreement, Webb waived his right to bring Grounds 2 and 3 of the instant motion. Paragraph 2C(2) of Webb's plea agreement states as follows:

> The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

A defendant may knowingly waive his right to bring § 2255 claims in a plea agreement, and the waiver will be enforced unless the plea agreement was not entered into knowingly and voluntarily. See DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2003). Here, Webb does not allege that his guilty plea was unknowing or involuntary, nor does he contend that enforcement of his voluntary waiver of rights would amount to a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (knowing and voluntary waiver would not be enforced if to do so would result in a miscarriage of justice). Webb's statements made under oath to me during the plea hearing establish that the plea agreement was entered into knowingly and voluntarily, and Webb has come

forward with no evidence to suggest that enforcement of his voluntary waiver of rights would result in a miscarriage of justice. I will therefore enforce the valid waiver in his plea agreement and deny Grounds 2 and 3 Webb's § 2255 motion.[2]

    C.    *Ground 1: Ineffective Assistance of Counsel*

Webb argues that his attorney was ineffective for failing to file motions to challenge the Indictment and for failing to file a motion to suppress the search and seizure of February 15, 2006. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Webb must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting

---

[2]Webb is also precluded from challenging the validity of the search by his voluntary guilty plea. "In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction. Thus, [movant] has waived his claims on search and seizure, privilege against self-incrimination, and failure to disclose favorable evidence." Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989) (internal citation omitted). See also United States v. Taylor, 519 F.3d 832, 836 (8th Cir. 2008) ("A knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") (internal quotation marks omitted).

effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Webb "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of guilty pleas, a movant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Webb's ineffective assistance claim fails because his attorney actually filed a motion to dismiss the Indictment, a motion to suppress contents of electronic surveillance, and a motion to supress evidence. Judge Adelman held a hearing on all pretrial motions and issued a Report and Recommendation recommending that Webb's motions be denied. This recommendation included lengthy findings and analysis of the February 2006 traffic stop in which over $500,000 in cash was found in the car Webb was driving. I adopted Judge Adelman's Report and Recommendation, and Webb's attorney filed additional pretrial motions. I denied

- 13 -

these motions during the pretrial conference held on January 25, 2007. Because Webb's allegation that his attorney did not file these motions is conclusively refuted by the record, Ground 1 of his § 2255 motion will be denied.

### D. Ground 4: Prosecutorial Misconduct

Finally, Webb argues that counsel for the government "willfully assisted Special Agent Brett Johnson at the Grand Jury hearing. Stipulation of facts relevant to sentencing. Indicted on (5) five kilograms of cocaine, but sentenced for 15-50 kilograms of cocaine." Apparently, Webb believes that Special Agent Johnson made a false statement at the grand jury hearing. Webb has provided copies of portions of Johnson's grand jury testimony, and portions of an unsigned draft motion for a wiretap that the government never sought (the government provided the draft during discovery). Webb apparently contends that there is an inconsistency, but these documents do not provide any evidence that Special Agent Johnson made any false statements to the grand jury. If Webb is attempting to argue that being sentenced for being accountable for more than 15 kilograms but less than 50 kilograms somehow amounts to prosecutorial misconduct, his claim is conclusively refuted by the record. Webb stipulated in his plea agreement that "the parties recommend that the quantity of cocaine for which defendant is <u>accountable</u>, including relevant conduct, is more than 15 kilograms and less than

50 kilograms, resulting in the recommended Base Offense Level." (emphasis in original). Moreover, Webb admitted to me under oath the following during his plea colloquy:

> COURT: Right, and you're agreeing to more than 15 but less than 50, correct, Mr. Webb?
>
> WEBB: Yes.

Because Webb has come forward with no evidence of prosecutorial misconduct, Ground 4 of his § 2255 motion will be denied.

### E.    *Certificate of Appealability*

As Webb has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Tommie Lee Webb to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] and the Second Motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §

2255 [#5] are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Webb has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2009.